UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEVEN DIONNE SCOTT,

          Petitioner,

v.                                           Case No. 24-CV-41

CHRIS STEVENS,

          Respondent.

## ORDER ON THE PETITION FOR A WRIT OF HABEAS CORPUS

Steven Dionne Scott seeks a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court previously ordered Scott to show cause why his petition should not be dismissed either because it is untimely or because it is an impermissible second or successive petition. (ECF No. 7.) Scott has responded (ECF No. 11) and asks that the court appoint counsel to represent him (ECF Nos. 9. 12).

The court may appoint counsel for a person seeking relief under 28 U.S.C. § 2254 if the person is unable to retain counsel on his own and "the court determines that the interests of justice so require" the appointment of counsel. 18 U.S.C. § 3006A(a)(2); *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997). Because the claims for relief in a habeas petition are usually fully developed in the state court record, the interests of

justice generally do not require the appointment of counsel. *Zastrow v. Eplett*, No. 22-CV-820-JPS, 2023 U.S. Dist. LEXIS 10787, at *5 (E.D. Wis. Jan. 23, 2023). However, when mental limitations materially impair a petitioner's ability to represent himself, appointment of counsel may be appropriate. *See Perry v. Brown*, 950 F.3d 410, 414 (7th Cir. 2020); *Schmid v. McCauley*, 825 F.3d 348, 350 (7th Cir. 2016).

Although Scott identifies certain mental impairments (and in fact his alleged incompetence is the basis for his petition), the interests of justice do not require the appointment of counsel for him. Scott has a procedural problem that cannot be overcome even with the ablest advocacy—this is his second federal habeas petition regarding the same underlying conviction.

Scott is challenging his conviction in Milwaukee County Circuit Court case number 2005-CF-4911. (ECF No. 6 at 2.) That is the same conviction he challenged in a prior habeas petition he filed in this court. *See Scott v. Foster*, 15-CV-77, ECF No. 1 at 2. The court dismissed that petition on October 21, 2006, because it was untimely. *See id.* ECF No. 31. Scott appealed, and the court of appeals dismissed his appeal. *Id.*, ECF Nos. 33, 38.

Because the present petition challenges the same conviction that Scott challenged in his prior petition, the petition is a second or successive petition. See *Tinnon v. Boughton*, No. 23-cv-493-pp, 2023 U.S. Dist. LEXIS 178787, at *7 (E.D. Wis. Oct. 4, 2023). Before a person may file a second or successive petition for a writ of habeas corpus he

must first get permission to do so from the appropriate federal court of appeals. 28 U.S.C. § 2244(b)(3)(A); Rule 9 of the Rules Governing Section 2254 Cases. If the petitioner files a petition in the district court without first obtaining permission from the court of appeals, the district court must dismiss the petition. 28 U.S.C. § 2244(b)(4). This is not a matter of discretion for the district court; dismissal is mandatory. *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).

There is no indication that Scott sought and obtained permission from the Court of Appeals for the Seventh Circuit before filing this petition. Therefore, the court must dismiss his petition.

If Scott wishes to proceed with his petition, he must first turn to the Court of Appeals for the Seventh Circuit, making clear that he is seeking permission to proceed with a second habeas petition in this district. *See* Cir. R. 22.2 (7th Cir). The procedure for making such a request is set forth in Circuit Rule 22.2:

> (a) A request under 28 U.S.C. §2244(b) or the final paragraph of 28 U.S.C. §2255 for leave to file a second or successive petition must include the following information and attachments, in this order:
>
> (1) A disclosure statement, if required by Circuit Rule 26.1.
>
> (2) A short narrative statement of all claims the person wishes to present for decision. This statement must disclose whether any of these claims has been presented previously to any state or federal court and, if it was, how each court to which it was presented resolved it. If the claim has not previously been presented to a federal court, the applicant must state either:

3

Case 2:24-cv-00041-WED   Filed 05/06/24   Page 3 of 5   Document 14

(A) That the claim depends on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court; or

(B) That the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and that the facts, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found the applicant guilty of the crime, had there been no constitutional error.

(3) A short narrative statement explaining how the person proposes to establish the requirements mentioned above. An applicant who relies on a new rule of constitutional law must identify the new rule, the case that establishes that rule, and the decision of the Supreme Court that holds this new rule applicable to cases on collateral review.

(4) Copies of all opinions rendered by any state or federal court previously rendered in the criminal prosecution, any appeal, and any collateral attack.

(5) Copies of all prior petitions or motions for collateral review.

(b) A copy of the application, together with all attachments, must be served on the attorney for the appropriate government agency at the same time as the application is filed with the court. The application must include a certificate stating who was served, by what means, and when. If the application is made by a prisoner who is not represented by counsel, filing and service may be made under the terms of Fed. R. App. P. 4(c).

(c) Except in capital cases in which execution is imminent, the attorney for the custodian (in state cases) or the United States Attorney (in federal cases) may file a response within 14 days. When an execution is imminent, the court will not wait for a response. A response must include copies of any petitions or opinions that the applicant omitted from the papers.

(d) The applicant may file a reply memorandum within 14 days of the response, after which the request will be submitted to a panel of the court for decision.

(e) An applicant's failure to supply the information and documents required by this rule will lead the court to dismiss the application, but without prejudice to its renewal in proper form.

**IT IS THEREFORE ORDERED** that Scott's "Petition for the Appointment of Counsel" (ECF No. 9) is **denied**.

**IT IS FURTHER ORDERED** that the document filed as ECF No. 11 is terminated for administrative purposes. The Clerk improperly docketed it as a motion.

**IT IS FURTHER ORDERED** that Scott's request for legal help (ECF No. 12) is **denied**.

**IT IS FURTHER ORDERED** that Scott's petition for a writ of habeas corpus is **dismissed** under 28 U.S.C. § 2244(b)(4).

**IT IS FURTHER ORDERED** that Scott, having failed to make a substantial showing that the court's procedural ruling is fairly debatable, is denied a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); Rule 11 of the Rules Governing Section 2254 Cases; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated at Milwaukee, Wisconsin this 6th day of May, 2024.

WILLIAM E. DUFFIN
U.S. Magistrate Judge